UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA.

FELIX R. MEDINA
SALVADOR RAUL REMOND
RAFAEL REMOND
FERNANDO PINEDA
JULIO POSAS
ALFONSO CHUNGA
ROLANDO CALERO
FRANKLIN CASTILLO
MARLON TALAVERA
CARLOS LARGAES
WILLIAM TALAVERA
JOHNNY MENJIVAR
RUBEN QUESADA
SNAYRE ACEVEDO
WILGEN BRAVO
FRANKLIN LANZAS
ERICK MARTINEZ

02-23090

MAGISTRATE JUDGE
SIMONTON

**PLAINTIFFS**

VS.                                       CASE #_____

3 C CONTRUCTION CORP.
CUVEN CORP.
AUSTIN COMMERCIAL, INC.
TURNER CONSTRUCTION COMPANY

**DEFENDANTS**

_____

_____/ COMPLAINT (OPT-IN OR COLLECTIVE
ACTION PURSUANT TO 29 U.S.C. 216(B)

Preliminary statement: It is believed that the alleged wage violations stated herein apply to multiple employees of these Defendants who have not yet

1

been named in the complaint. It is the intention of these Plaintiffs to utilize to opt-in provision of the Fair Labor Standards Act 29 U.S.C. 216(B) upon receipt of the Court's permission in order to do so.

COME NOW Plaintiffs, by and through undersigned counsel, and states:

1. This is an action for damages arising under the Fair Labor Standards Act 29 U.S.C. 201-216.

2. The Plaintiffs were employees of Defendants working out of the MIAMI INTERNATIONAL AIRPORT NORTH TERMINAL PROGRAM at the time that this dispute arose.

3. The Defendants regularly transact business within Dade County, Fla. and the Plaintiffs reside in Dade County, Fla. Upon information and belief, the Defendants were all Fair Labor Standard Act employers of the Plaintiffs as specified below and are, therefore, liable for any amount of overtime wages that are found to be due to the Plaintiffs.

4. The Defendants determined and controlled each Plaintiff's work for them for the time period alleged in the complaint. Each Plaintiff is/was completely economically dependent on Turner Construction, Inc. and

Austin Commercial, Inc. and their respective joint venture referred to as "Turner-Austin Airport Team" for the relevant time period. These Defendants will be referenced as "Turner-Austin" throughout this complaint.

5. "Turner-Austin" decided and established the work hours for the Plaintiffs though contracts entered into with the other two Defendants named "3 C Construction Corp. "3C" and "Cuven Corp." referred to herein as "Cuven". "3 C" was Plaintiff "MEDINA's", "PINEDA's", "QUESADA's", "LANZAS", "BRAVO'S", "ACEVEDO'S" AND "MARTINEZ'S" W-2 or immediate employer for the relevant time period while "CUVEN" was the W-2 or direct or immediate employer for the Plaintiffs "REMOND", JULIO POSAS, ALFONSO CHUNGA, ROLANDO CALERO, FRANKLIN CASTILLO, MARLON TALAVERA, CARLOS LARGAES WILLIAM TALAVERA, AND JOHNNY MENJIVAR for the relevant time period.

6. The Plaintiffs were all construction workers who depended exclusively on the Turner-Austin MIA North Terminal Program for their economic survival for the time period alleged in the complaint and ongoing.

7. Turner-Austin determined, through contract, where the Plaintiffs would work, how much the Plaintiffs would eventually be paid, and how long each Plaintiff would need to work at the MIA location referenced above.

8. Turner-Austin determined the amount and quantity of work to be performed by the Plaintiffs.

9. Turner-Austin provided the Plaintiffs with specific instructions on how their work was to be performed.

## FEDERAL STATUTORY VIOLATION AGAINST ALL DEFENDANTS NAMED IN THE COMPLAINT.

The Plaintiffs re-adopt paragraphs #1 through #9 above as factual allegations and further state:

10. This action arises under the law of the United States.

11. This Court has jurisdiction pursuant to The Fair Labor Standards Act, 29 U.S.C. SS 201-219 (section #216 for jurisdictional placement) as well as the Florida Constitution that vests this action within a court of competent jurisdiction.

12. 29 U.S.C. S 207 (a) (1) states, " if an employer employs an employee for

4

more than forty hours in any work week, the employer must compensate the employee for hours in excess of forty at the rate of at least one and one half times the employee's regular rate.." The "F.L.S.A." also required that the Defendants pay each Plaintiff at least $5.15/hr. for the hours worked by each Plaintiff.

13. All of the Defendants' business activities involve those to which the Fair Labor Standards Act applies. The Plaintiffs were construction workers for the Defendants for the relevant time period and handled goods/materials on a daily basis that previously affected or traveled through interstate commerce. The Defendants' respective businesses affected interstate commerce for the relevant time period.

14. The Plaintiff "MEDINA" worked an average of (5) complete uncompensated hours per week for Defendants from on or about 08/05/01 until 10/10/02. This is the time period for which the Plaintiff "MEDINA" is claiming unpaid overtime wages, minimum wages and unpaid straight time wages. The Plaintiff "MEDINA" was paid an average of $19.50 per hour but was never compensated overtime, minimum nor straight time wages by the Defendants for these (5) hours worked in excess of forty weekly for this time period.

5

15. The Plaintiff "SALVADOR REMOND" worked an average of (5) complete uncompensated hours per week for Defendants from on or about 10/10/01 until 10/10/02. This is the time period for which the Plaintiff "SALVADOR REMOND" is claiming unpaid overtime wages, minimum wages and unpaid straight time wages. The Plaintiff "SALVADOR REMOND" was paid an average of $20.00 per hour but was never compensated overtime, minimum nor straight time wages by the Defendants for these (5) hours worked in excess of forty weekly for this time period.

16. The Plaintiff "RAFAEL REMOND" worked an average of (5) complete uncompensated hours per week for Defendants from on or about 10/10/01 until 10/10/02. This is the time period for which the Plaintiff "RAFAEL REMOND" is claiming unpaid overtime wages and unpaid straight time wages. The Plaintiff "RAFAEL REMOND" was paid an average of $18.30 per hour but was never compensated overtime wages, minimum wages nor straight time wages by the Defendants for these (5) hours worked in excess of forty weekly for this time period.

17. The Plaintiff "PINEDA" worked an average of (5) complete uncompensated hours per week for Defendants from on or about 08/05/01

until 10/11/02. This is the time period for which the Plaintiff "PINEDA" is claiming unpaid overtime wages, minimum wages and unpaid straight time wages. The Plaintiff "PINEDA" was paid an average of $19.50 per hour but was never compensated overtime, minimum nor straight time wages by the Defendants for these (5) hours worked in excess of forty weekly for this time period.

18. The Plaintiff "JULIO POSAS" worked an average of (12) complete uncompensated hours per week for Defendants from on or about 08/21/01 until 10/14/02. This is the time period for which the Plaintiff "JULIO POSAS" is claiming unpaid overtime wages, minimum wages and unpaid straight time wages. The Plaintiff "JULIO POSAS" was paid an average of $17.25 per hour but was never compensated overtime, minimum nor straight time wages by the Defendants for these (12) hours worked in excess of forty weekly for this time period.

19. The Plaintiff "ALFONSO CHUNGA" worked an average of (12) complete uncompensated hours per week for Defendants from on or about 07/16/02 until 10/10/02. This is the time period for which the Plaintiff "ALFONSO CHUNGA" is claiming unpaid overtime wages, minimum wages and unpaid straight time wages. The Plaintiff "ALFONSO CHUNGA" was paid an average of $17.25 per hour but was never

7

compensated overtime, minimum nor straight time wages by the Defendants for these (12) hours worked in excess of forty weekly for this time period.

20. The Plaintiff "ROLANDO CALERO" worked an average of (12) complete uncompensated hours per week for Defendants from on or about 10/15/01 until 10/10/02. This is the time period for which the Plaintiff "ROLANDO CALERO" is claiming unpaid overtime wages, minimum wages and unpaid straight time wages. The Plaintiff "ROLANDO CALERO" was paid an average of $19.30 per hour but was never compensated overtime, minimum nor straight time wages by the Defendants for these (12) hours worked in excess of forty weekly for this time period.

21. The Plaintiff "FRANKLIN CASTILLO" worked an average of (12) complete uncompensated hours per week for Defendants from on or about 10/30/01 until 10/10/02. This is the time period for which the Plaintiff "FRANKLIN CASTILLO" is claiming unpaid overtime wages, minimum wages and unpaid straight time wages. The Plaintiff "FRANKLIN CASTILLO" was paid an average of $17.25 per hour but was never compensated overtime, minimum nor straight time wages by the Defendants for these (12) hours worked in excess of forty weekly for this time period.

22. The Plaintiff "MARLON TALAVERA" worked an average of (12) complete uncompensated hours per week for Defendants from on or about 10/30/01 until 10/10/02. This is the time period for which the Plaintiff "MARLON TALAVERA" is claiming unpaid overtime wages, minimum wages and unpaid straight time wages. The Plaintiff "MARLON TALAVERA" was paid an average of $17.75 per hour but was never compensated overtime, minimum nor straight time wages by the Defendants for these (12) hours worked in excess of forty weekly for this time period.

23. The Plaintiff "CARLOS LARGAES" worked an average of (12) complete uncompensated hours per week for Defendants from on or about 10/30/01 until 10/10/02. This is the time period for which the Plaintiff "CARLOS LARGAES" is claiming unpaid overtime wages, minimum wages and unpaid straight time wages. The Plaintiff "CARLOS LARGAES" was paid an average of $17.75 per hour but was never compensated overtime, minimum nor straight time wages by the Defendants for these (12) hours worked in excess of forty weekly for this time period.

24. The Plaintiff "WILLIAM TALAVERA" worked an average of (12) complete uncompensated hours per week for Defendants from on or about

05/07/02 until 10/10/02. This is the time period for which the Plaintiff "WILLIAM TALAVERA" is claiming unpaid overtime wages, minimum wages and unpaid straight time wages. The Plaintiff "WILLIAM TALAVERA" was paid an average of $17.25 per hour but was never compensated overtime, minimum nor straight time wages by the Defendants for these (12) hours worked in excess of forty weekly for this time period.

25. The Plaintiff "JOHNNY MENJIVAR" worked an average of (12) complete uncompensated hours per week for Defendants from on or about 03/20/02 until 10/14/02. This is the time period for which the Plaintiff "JOHNNY MENJIVAR" is claiming unpaid overtime wages, minimum wages and unpaid straight time wages. The Plaintiff "JOHNNY MENJIVAR" was paid an average of $17.75 per hour but was never compensated overtime, minimum nor straight time wages by the Defendants for these (12) hours worked in excess of forty weekly for this time period.

26. The Plaintiff "RUBEN QUESADA" worked an average of (5) complete uncompensated hours per week for Defendants from on or about 06/11/02 until 10/4/02. This is the time period for which the Plaintiff "RUBEN QUESADA" is claiming unpaid overtime wages, minimum wages and

unpaid straight time wages. The Plaintiff "RUBEN QUESADA" was paid an average of $19.50 per hour but was never compensated overtime, minimum nor straight time wages by the Defendants for these (5) hours worked in excess of forty weekly for this time period.

26. The Plaintiff "FRANKLIN LANZAS" worked an average of (12) complete uncompensated hours per week for Defendants from on or about 01/08/02 until on or about 10/10/02. This is the time period for which the Plaintiff "FRANKLIN LANZAS" is claiming unpaid overtime wages, minimum wages and unpaid straight time wages. The Plaintiff "FRANLIN LANZAS" was paid an average of $13.92 per hour but was never compensated overtime, minimum nor straight time wages by the Defendants for these (12) hours worked in excess of forty weekly for this time period.

27. The Plaintiff "WILGEN BRAVO" worked an average of (12) complete uncompensated hours per week for Defendants from on or about 05/20/02 until on or about 10/10/02. This is the time period for which the Plaintiff "WILGEN BRAVO" is claiming unpaid overtime wages, minimum wages and unpaid straight time wages. The Plaintiff "WILGEN BRAVO" was paid an average of $13.92 per hour but was never compensated overtime, minimum nor straight time wages by the Defendants for these (12) hours worked in excess of forty weekly for this time period.

28. The Plaintiff "SNAYRE ACEVEDO" worked an average of (12) complete uncompensated hours per week for Defendants from on or about 12/17/01 until on or about 10/10/02. This is the time period for which the Plaintiff "SNAYRE ACEVEDO" is claiming unpaid overtime wages, minimum wages and unpaid straight time wages. The Plaintiff "SNAYRE ACEVEDO" was paid an average of $19.50 per hour but was never compensated overtime, minimum nor straight time wages by the Defendants for these (12) hours worked in excess of forty weekly for this time period.

27. The Plaintiff "ERICK MARTINEZ" worked an average of (12) complete uncompensated hours per week for Defendants from on or about 04/20/02 until on or about 10/10/02. This is the time period for which the Plaintiff "ERICK MARTINEZ" is claiming unpaid overtime wages, minimum wages and unpaid straight time wages. The Plaintiff "ERICK MARTINEZ" was paid an average of $19.50 per hour but was never compensated overtime, minimum nor straight time wages by the Defendants for these (12) hours worked in excess of forty weekly for this time period.

26. The Defendants willfully and intentionally refused to pay each Plaintiff the overtime wages and straight time wages as required by the law of the

United States as set forth above and remains owing each Plaintiff these overtime wages and straight time for the time period as set forth above.

26. The Defendants willfully and intentionally refused to pay each Plaintiff the overtime wages and straight time wages as required by the law of the United States as set forth above and remains owing each Plaintiff these overtime wages and straight time for the time period as set forth above.

26. The Defendants willfully and intentionally refused to pay each Plaintiff the overtime wages and straight time wages as required by the law of the United States as set forth above and remains owing each Plaintiff these overtime wages and straight time for the time period as set forth above.

26. The Plaintiff "RUBEN QUESADA" worked an average of (5) complete uncompensated hours per week for Defendants from on or about 06/11/02 until 10/4/02. This is the time period for which the Plaintiff "RUBEN QUESADA" is claiming unpaid overtime wages, minimum wages and unpaid straight time wages. The Plaintiff "RUBEN QUESADA" was paid an average of $19.50 per hour but was never compensated overtime, minimum nor straight time wages by the Defendants for these (12) hours worked in

excess of forty weekly for this time period.

27. The Defendants willfully and intentionally refused to pay each Plaintiff the overtime wages and straight time wages as required by the law of the United States as set forth above and remains owing each Plaintiff these overtime wages and straight time for the time period as set forth above.

Wherefore, each Plaintiff requests double damages and reasonable attorney fees from each Defendant, pursuant to the Fair Labor Standards Act as cited above, to be proven at the time of trial for all overtime and straight time wages still owing from each Plaintiff's entire employment period with each Defendant or, as much as allowed by the Fair Labor Standards Act-- whichever is greater along with court costs, interest, and any other relief that this Court finds reasonable under the circumstances. Each Plaintiff requests a trial by jury against each Defendant.

Respectfully submitted,

_____
J.H. ZIDELL, ESQ.
300 71ST STREET #605
MIAMI BEACH, FLA. 33141
FBN 0010121
TEL. 305-865-6766
FAX: 305-865-7167

14

JS 44
(Rev. 12/96)

# CIVIL COVER SHEET

02-23090

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**I. (a) PLAINTIFFS**
Felix R. Medina, et. al.

**DEFENDANTS**
3L Construction Corp., Luven Corp., Austin Commercial, Inc., Turner Construction Company

**(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF** Dade
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

Dade  02-23090 CIV-AL/Simon

**(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)**
J.H. Zidell, P.A. Miami Beach, FL 33141
300-71st street, #605 (305) 865-6766

ATTORNEYS (IF KNOWN)

MAGISTRATE JUDGE SIMONTON

NIGHT BOX FILED

**(d) CIRCLE COUNTY WHERE ACTION AROSE:** (DADE,) MONROE, BROWARD, PALM BEACH, MARTIN, ST. LUCIE, INDIAN RIVER, OKEECHOBEE, HIGHLANDS

**II. BASIS OF JURISDICTION** (PLACE AN "X" IN ONE BOX ONLY)
- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (PLACE AN "X" IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (PLACE AN "X" IN ONE BOX ONLY)
- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

**V. NATURE OF SUIT** (PLACE AN "X" IN ONE BOX ONLY)

| A CONTRACT | A TORTS | | FORFEITURE/PENALTY | A BANKRUPTCY | A OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | PERSONAL INJURY | PERSONAL INJURY | B☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury — Med. Malpractice | B☐ 620 Other Food & Drug | | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury — Product Liability | B☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 423 Withdrawal 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | B☐ 630 Liquor Laws | | B☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers Liability | | B☐ 640 R.R. & Truck | A PROPERTY RIGHTS | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | PERSONAL PROPERTY | B☐ 650 Airline Regs | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| B☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | B☐ 660 Occupational Safety/Health | ☐ 830 Patent | ☐ 810 Selective Service |
| B☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | B☐ 690 Other | ☐ 840 Trademark | ☐ 850 Securities/Commodities/Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | A LABOR | B SOCIAL SECURITY | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☒ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 892 Economic Stabilization Act |
| A REAL PROPERTY | A CIVIL RIGHTS | PRISONER PETITIONS | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 441 Voting | B☐ 510 Motions to Vacate Sentence | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 894 Energy Allocation Act |
| B☐ 220 Foreclosure | ☐ 442 Employment | HABEAS CORPUS: | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/Accommodations | B☐ 530 General | A☐ 791 Empl. Ret. Inc. Security Act | FEDERAL TAX SUITS | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 240 Torts to Land | ☐ 444 Welfare | A☐ 535 Death Penalty | | A☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights | B☐ 540 Mandamus & Other | | A☐ 871 IRS — Third Party 26 USC 7609 | ☐ 890 Other Statutory Actions A OR B |
| ☐ 290 All Other Real Property | | B☐ 550 Civil Rights | | | |
| | | B☐ 555 Prison Condition | | | |

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY.)

29 USC 201-216

LENGTH OF TRIAL
via ___ days estimated (for both sides to try entire case)

**VII. REQUESTED IN COMPLAINT:**
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $ _____

CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ YES  ☐ NO

**VIII. RELATED CASE(S) IF ANY** (See instructions):
JUDGE _____ DOCKET NUMBER _____

DATE 10/16/02
SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**
RECEIPT # _____ AMOUNT $150.00 APPLYING IFP _____ 71143 JUDGE _____ MAG. JUDGE _____
10/18/02